UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CESAR AUGUSTO TERAN RIVAS,

Petitioner,

v. Case No.: 2:26-cv-2519-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.

**OPINION AND ORDER**

Before the Court are Cesar Augusto Teran Rivas's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Teran Rivas's reply (Doc. 7).

Teran Rivas is a noncitizen in immigration detention. On July 20, 2026, this Court granted his first habeas petition and ordered the government to afford him a bond hearing with certain guardrails:

> The Court will thus order Respondents to either release Teran Rivas or bring him before an immigration judge within ten days for a merit-based § 1226 bond hearing where the government must show that he is a flight risk or danger to the community. To satisfy this Order, the hearing must include—and the resulting order must reflect—consideration of all evidence properly submitted by the petitioner and the factors announced in *In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006). Teran Rivas's counsel (if any) must receive at least 48 hours' notice of the hearing, but only if they enter their appearance in the Executive Office of Immigration Review's online filing system in time to receive the notice. If Respondents are unable to ensure that Teran Rivas timely receives the meaningful and thorough bond hearing to which he is entitled under § 1226(a), they must release him.

(M.D. Fla. Case No. 2:26-cv-2114-SPC-NPM, Doc. 7).

Immigration Judge Jennifer Mazza conducted a bond hearing on July 29, 2026, and denied bond with this order: "Respondent failed to demonstrate that they do not present a risk of flight." (Doc. 1-1 at 16). Teran Rivas argues the bond hearing did not comply with the Court's order, and the government concedes that Judge Mazza's order (1) does not reflect consideration of the *Guerra* factors and (2) indicates Judge Mazza placed the burden on Teran Rivas. Because Teran Rivas did not receive a bond hearing that complied with the Court's prior habeas order, he is entitled to the alternative relief—immediate release.

Accordingly, it is

**ORDERED**:

Teran Rivas's Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

1. The respondents shall release Teran Rivas within 24 hours of this Order and give him telephone access so he can arrange transportation from the detention facility.
2. The Clerk shall terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on September 28, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record